IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KAREEM AKEEM OLATUWAN, SR., )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )        Civil Action No. 3:21CV004–HEH
                                        )
DR. OFAGH, *et al.*,                    )
                                        )
            Defendants.                 )

**MEMORANDUM OPINION**
**(Dismissing Action Without Prejudice)**

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42

U.S.C. § 1983 action.  In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff

must allege that a person acting under color of state law deprived him or her of a

constitutional right or of a right conferred by a law of the United States.  *See Dowe v.*

*Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)

(citing 42 U.S.C. § 1983).  Courts must liberally construe *pro se* civil rights complaints in

order to address constitutional deprivations.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th

Cir. 1978).  Nevertheless, "[p]rinciples requiring generous construction of *pro se*

complaints are not . . . without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274,

1278 (4th Cir. 1985).

By Memorandum Order entered on August 9, 2021, the Court directed Plaintiff to

file a particularized complaint.  The Court noted that Plaintiff's repetitive and conclusory

allegations failed to provide each defendant with fair notice of the facts and legal basis

upon which his or her liability rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiff filed a

Particularized Complaint, but it too is deficient.  Accordingly, by Memorandum Order

entered on October 5, 2021, the Court directed Plaintiff to file a second particularized

complaint and explained as follows:

> Once again, Plaintiff fails to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests.  Plaintiff fails to provide a sufficient summary of the facts that led him to file his Complaint. The Court cannot discern from his Particularized Complaint exactly what medical condition he suffered from and exactly how each of the Defendants denied him appropriate medical care.[1]  Instead, he simply states that the Defendants "breached [their] contract[s]," and engaged in "negligence, gross negligence, reckless indifference," amongst other state law claims.  Once again, Plaintiff is reminded that he must allege that a person acting under color of state law deprived him or her of a *constitutional right* or of a *right conferred by a law of the United States. See Dowe*, 145 F.3d at 658 (citing 42 U.S.C. § 1983).

(ECF No. 12, at 2.)

More than fourteen (14) days have elapsed since the entry of the October 5, 2021

Memorandum Order.  Plaintiff failed to submit a second particularized complaint or

otherwise respond to the October 5, 2021 Memorandum Order.  Accordingly, the action

will be dismissed without prejudice.

An appropriate order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Nov. 5, 2021
Richmond, Virginia

---

[1] In some portions of his Particularized Complaint, Plaintiff refers to exhibits instead of summarizing the facts behind his claims.  He may not do this in his Second Particularized Complaint.  Instead, he must provide a detailed summary about the facts that he alleges violates his constitutional rights.